**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON L. CALLIER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **CAUSE NO. EP-23-CV-265-KC** |
| | § | |
| **REPTAR MARKETING LLC and** | § | |
| **RONALD LIDDELL,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**ORDER**</u>

On this day, the Court considered Plaintiff's Motion for Substitute Service of Process ("Motion"), ECF No. 8.  For the reasons set forth below, the Motion is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

Plaintiff filed his Complaint, ECF No. 1, on July 14, 2023, asserting claims against Follow My Lead Marketing, LLC, Autumn Miller, and Anna LaSalle under the Telephone Consumer Protection Act, 47 U.S.C. § 227.  On September 14, 2023, after learning via affidavit that Reptar Marketing LLC ("Reptar"), not Follow My Lead Marketing, LLC, "had placed the phone calls at issue in the case," Plaintiff filed his First Amended Complaint, replacing the original Defendants with Defendants Reptar and Ronald Liddell.  Pl.'s Unopposed Mot. for Leave to File Pl.'s 1st Am. Compl. 1, 3, ECF No. 3.  Plaintiff alleges that Defendant Liddell is the principal officer and registered agent of Reptar.  1st Am. Compl. 1–2, ECF No. 4.

Plaintiff filed the instant Motion on September 29, 2023, seeking leave to serve Defendants by alternative means: namely, by email and by service on the Florida Secretary of State.  Mot. 3.  Plaintiff states that he "hired a process server to serve Defendants Reptar and

Liddell" at the only address listed for the pair on Sunbiz.org, the State of Florida's official business entity index.  *Id.* at 1.  When the process server attempted service, they discovered that the address on file for Defendants is a United States Post Office box, and that Defendants have since closed the P.O. Box without leaving a forwarding address.  *Id.* at 1–2; Aff. of Non-Service 1, ECF No. 8-3.  Neither Plaintiff nor Plaintiff's process server appears to have attempted service after the failed first attempt.

Plaintiff then conducted a public records search on LexisNexis and obtained several alternate contact methods for Defendant Liddell.  Mot. 2.  Plaintiff "used an assumed name, . . . pretended to be a business seeking telemarketing services," and sent an email to one of the email addresses listed for Defendant Liddell in LexisNexis' public records "pretending to be a business interested in hiring Defendant Reptar as a telemarketer."  *Id.*  Shortly thereafter, Plaintiff received a phone call from a person who identified themself as Defendant Liddell, Reptar's owner.  *Id.*  During their conversation about Defendant's business, the caller stated that he currently lives in Panama, but "had been in Europe for the past two months."  *Id.* at 2–3.  Based on Defendants' inactive business address and Defendant Liddell's apparent foreign residence, Plaintiff filed the instant Motion seeking leave to effect service by two alternate means: (1) sending an email to each Defendant at the email addresses with which Plaintiff has corresponded; and (2) serving "the Florida Secretary of State with a physical copy of the Complaint, Summons, and two acceptance letters."  *Id.* at 3.

## II.    DISCUSSION

### A.    Standard

Federal Rule of Civil Procedure 4(f) governs service of process on an individual person not within any judicial district of the United States.  That Rule provides several options for

service, including methods of service authorized by the Hague Service Convention, "by the foreign country's law for service in that country in an action in its courts of general jurisdiction," and "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f).

Federal Rule of Civil Procedure 4(h) governs service of process on a limited liability company. Service in a judicial district of the United States must be made "in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized . . . to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). Service not within any judicial district of the United States must be made "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2).

B.     Analysis

1.     Service on both Defendants by email

Plaintiff seeks substituted service on Defendants by serving both by email. But substituted service is a creature of state, not federal, law. *See, e.g.*, Fla. Stat. § 48.161; Tex. R. Civ. P. 106(b). And because Plaintiff indicates that he would serve Defendants by email abroad, Rules 4(f) and 4(h)(2) apply. The applicable rules for service in foreign countries—unlike the rules for service within a judicial district of the United States—do not contemplate reliance on state law, making substituted service unavailable. *Compare* Fed. R. Civ. P. 4(e)(1), *and* Fed. R. Civ. P. 4(h)(1)(A), *with* Fed. R. Civ. P. 4(f), *and* Fed. R. Civ. P. 4(h)(2).

Certainly, the applicable Rules allow for methods of service on defendants abroad by means not explicitly provided for in the Federal Rules of Civil Procedure. But Plaintiff has not furnished the information the Court requires to determine whether it can grant Plaintiff's request

3

for service by email under Rule 4(f).  Plaintiff has not indicated whether Panama is a party to the Hague Service Convention, whether email is an authorized service method under Panamanian law, or whether any international agreement bars service by email of an individual residing in Panama.  Accordingly, Plaintiff's request to serve Defendants by email is denied.

### 2.    Service on Defendant Reptar through the Florida Secretary of State

Plaintiff seeks to serve Defendant Reptar not only by email in a foreign country, but also within the United States by service on the Florida Secretary of State.  Under Rule 4(h)(1)(A), Plaintiff can serve a limited liability company like Defendant Reptar domestically "in [any] manner prescribed by Rule 4(e)(1) for serving an individual[.]"  Fed. R. Civ. P. 4(h)(1)(A).  And Rule 4(e)(1) allows Plaintiff to serve Defendant Reptar by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  "In Florida, service of process on limited liability companies (LLCs) is governed by section 48.062, Florida Statutes."  *McGlynn v. Miami Diario LLC*, No. 22-CV-24261, 2023 WL 4251553, at *6 (S.D. Fla. June 29, 2023) (quoting *San-Way Farms, Inc. v. Sandifer Farms*, LLC, No. 20-CV-1969, 2021 WL 1840769, at *3 (M.D. Fla. May 7, 2021)).

Florida recently amended its statutes regarding service of process on LLCs.  *See* Fla. Stat. § 48.062; *Angarita v. Hypertoyz, Inc.*, No. 23-CV-20695, 2023 WL 5289260, at *2 (S.D. Fla. Aug. 16, 2023).  For claims accruing after the new law's effective date of January 2, 2023, Florida law requires service on an LLC's registered agent when one has been designated per the requirements of Chapter 605 of the Florida Statutes.[1]  *See Baxter v. Miscavige*, No. 22-CV-986,

---

[1] Although the phone calls at issue in this case began in June 2022, before the statutes were amended, Plaintiff's claims did not fully accrue until he received the last phone call in April 2023.  The applicable

2023 WL 1993969, at *3 n.4 (M.D. Fla. Feb. 14, 2023) (applying "versions of the statutes that were in effect at the time Plaintiffs sought to effectuate substitute service on Miscavige and in effect during the relevant period of the allegations from Plaintiffs' Amended Complaint"); *Angarita*, 2023 WL 5289260, at *2 ("Florida law provides that the applicable version of a statute is that which was in effect when a cause of action accrues." (quoting *S-Fer Int'l, Inc. v. Stonesheets, LLC*, No. 14-CV-24662, 2016 WL 8808748, at *4 (S.D. Fla. Jan. 19, 2016))); Fla. Stat. § 48.062(2).  But "if service cannot be made on a registered agent of the [LLC] because . . . of a failure to comply with [chapter 48] or chapter 605," the LLC may be served by service upon one of its members, managers, or "[a]ny person listed publicly by the domestic limited liability company . . . on its latest annual report, as most recently amended."  Fla. Stat. § 48.062(3).  Then "[i]f, after due diligence,"[2] service cannot be made on any of the designated individuals and "[t]he only person listed publicly by the [LLC] on its latest annual report, as most recently amended, is also the registered agent on whom service was attempted," service on the LLC may be effected through the Florida Secretary of State.  *Id.* § 48.062(4).

According to the Florida Supreme Court, "the reasonable diligence a plaintiff must exercise 'to justify the use of substituted service [is] . . . not "whether it was in fact possible to effect personal service in a given case, but whether the plaintiff reasonably employed knowledge at its command, made diligent inquiry, and exerted an honest and conscientious effort

---

service statutes, therefore, are the statutes that went into effect on January 2, 2023.  *See Angarita*, 2023 WL 5289260, at *2–3.

[2] Prior versions of the statute described Plaintiff's burden for obtaining substitute service as exercising "reasonable diligence."  *See Florio*, 2017 WL 8897130, at *5.  Few, if any, courts have evaluated motions for substitute service or motions related to insufficient service of process arising under the amended statutes.  Because the change from "reasonable diligence" to "due diligence" appears to be stylistic, not substantive, the Court applies the statutory framework as amended but relies on case law interpreting the "reasonable diligence" standard to evaluate whether Plaintiff has met his burden of exercising "due diligence" in attempting to effect service on Defendant Reptar.

appropriate to the circumstances, to acquire the information necessary to enable it to effect personal service on the defendant.""" *Florio v. Success Agency LLC*, No. 17-CV-80557, 2017 WL 8897130, at \*5 (S.D. Fla. Oct. 30, 2017) (quoting *Safari Programs, Inc. v. Queried, Inc.*, No. 15-CV-22132, 2016 WL 4174365, at \*2 (S.D. Fla. Aug. 8, 2016)).  In situations like these, "courts have required plaintiffs to not merely rely on an address that a defendant lists for its registered agent, member, or manager; instead, plaintiffs must demonstrate that they took the initiative to locate alternate addresses as which to serve those individuals by using 'obvious and available' resources." *ASAP Tree Serv. LLC v. L.A. Disaster Relief, LLC*, No. 21-CV-961, 2022 WL 3596957, at \*3 (M.D. Fla. May 18, 2022) (quoting *Florio*, 2017 WL 8897130, at \*5).

Here, Plaintiff attempted to serve Defendant Reptar by serving its registered agent and sole manager, Defendant Liddell.  *See* Mot. 1.  Service was unsuccessful, as the address listed for Defendants on Sunbiz.org was no longer active.  *See id.*  Defendant Liddell is also the only person listed in Reptar's latest annual report.  *See id.* at 3; Mot. Ex. A, ECF No. 8-2.  Plaintiff has taken the initiative to locate other addresses for serving Defendant Reptar's manager, Defendant Liddell, by searching LexisNexis' public records and reaching out to Defendant Liddell to inquire about his address.  *See* Mot. 2–3; Mot. Ex. A; Mot. Ex. C, ECF No. 8-4; Mot. Ex. D, ECF No. 8-5; Mot. Ex. E, ECF No. 8-6.  Because Defendant Liddell is the registered agent and sole manager of Reptar Marketing, the attempted service of Defendant Liddell satisfied Plaintiff's obligation to exercise due diligence in attempting service.  Accordingly, the Court grants Plaintiff's request for substituted service of Defendant Reptar by service on the Florida Secretary of State under Florida Statute § 48.062(4).

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion, ECF No. 8, is **GRANTED** in part and

**DENIED** in part.  Plaintiff's Motion is **GRANTED** as to service on Defendant Reptar by service

on the Florida Secretary of State and **DENIED** as to service on both Defendants by email.

**SO ORDERED.**

SIGNED this 3rd day of October, 2023.


KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE